IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DAVID WIDENER                                                                                      PLAINTIFF

VS.                                            CASE NO. 13-CV-1094

LINCOLN FINANCIAL GROUP                                                              DEFENDANTS

**JUDGMENT**

Before the Court is a Motion for Default Judgment filed on behalf of Plaintiff David Widener. (ECF No. 11). The present motion was filed on December 26, 2014, and the affidavit in support of default was filed on December 30, 2014. (ECF No. 12). The clerk's entry of default was entered on January 13, 2015. (ECF No. 13).

On December 18, 2013, Plaintiff filed suit against Defendant Lincoln Financial Group seeking a judgment against Defendant for its alleged failure to pay Plaintiff's claim for short term disability payments pursuant to Plaintiff's insurance policy. Plaintiff's claim is made pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq. Plaintiff's exhibits show that, on December 18, 2013, counsel for Plaintiff sent a letter via certified mail, restricted delivery, to Lincoln Financial Group c/o Corporation Service Company, the agent for service of process for Lincoln Financial Group. The letter enclosed a summons and a copy of the Complaint. The mail was received by the Corporation Service Company on December 26, 2013 and signed by Robert J. Petit. As of the date of this Order, no entry of appearance or answer has been filed by Lincoln Financial Group.

After the Complaint was filed, Lincoln Financial Group paid Plaintiff $12,501.24 under his

short term disability policy.  As a result of this payment, Lincoln Financial Group no longer owes Plaintiff any short term disability payments.  Plaintiff argues that, since it took "the filing of a lawsuit...for Lincoln Financial Group to turn around and pay David Widener the short term disability benefits," David Widener should be awarded the attorney's fees and cost claimed in his Complaint.

Pursuant to ERISA, 29 U.S.C. § 1132(g)(2), attorneys fees may be awarded to compensate a plaintiff for expenses reasonably incurred in collecting delinquent contributions.  In this case, the Court finds that an award of attorneys fees and costs is appropriate.   The Court will calculate reasonable attorneys fees by multiplying the hours reasonably expended in the litigation by a reasonable hourly fee.  *See Local 513, Int'l Union Operating Engineers v. Larry Ortmann Contracting, Inc.*, No. 4:08-CV-1177 CAS, 2009 WL 151698, at *2 (E.D. Mo. Jan. 22, 2009).  Plaintiff's attorney states that he spent 15.5 billable hours on this case and that his hourly rate is $250.00.  This amounts to a total fee of $3,875.00.  Adding $400 in court costs, the total award amounts to $4,275.00.

For the reasons stated above, the Court finds that Plaintiff's Motion for Default Judgment (ECF No. 11) should be and hereby is **GRANTED**.  Judgment is hereby entered in favor of Plaintiff and against Lincoln Financial Group in the amount of $4,275.00 plus post judgment interest pursuant 28 U.S.C.A. § 1961.

IT IS SO ORDERED, this 3rd day of April, 2015.

    /s/ Susan O. Hickey
Susan O. Hickey
United States District Judge